IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CITY OF SOUTH SALT LAKE, a municipal corporation and political subdivision of the State of Utah,<br><br>Plaintiff,<br>v.<br><br>THE PIONEER CRAFT HOUSE, INC., a Utah non-profit corporation,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO REMAND**<br><br>Case No. 2:13-cv-745-DN<br><br>District Judge David Nuffer |

Plaintiff, the City of South Salt Lake ("City") filed a motion to remand this action to the Third Judicial District Court for the State of Utah.[1] The City asserts that its "Complaint does not allege a federal question but instead seeks relief pursuant to state statutes" and the case should be remanded because "this Court lacks subject matter jurisdiction over the present action."[2] In response, Defendant Pioneer Craft House ("PCH") alleged that an earlier case filed in this court involved the same parties and questions of fact or law.[3] Relying on the "prior exclusive jurisdiction doctrine,"[4] PCH argued that "[t]his Court first assumed jurisdiction over the subject real property in case number 2:13-cv-00705-DN. This Court should apply the mandatory prior

[1] Motion to Remand, docket no. 9, filed August 15, 2013.

[2] *Id*. at 1.

[3] Defendant's Response to Plaintiff's Motion to Remand (Response), docket no. 13, filed August 26, 2013 (referencing case *Pioneer Craft House v. City of South Salt Lake, et al*., case no. 2:13-cv-705-DN (filed July 29, 2013 at 10:40 a.m.)).

[4] *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1043 (9th Cir.2011) (quoting *Marshall v. Marshall,* 547 U.S. 293, 311 (2006) ("when one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res.")).

exclusive jurisdiction doctrine to maintain and exercise jurisdiction in this case to the exclusion of Utah state court jurisdiction."[5]

This case, as the later filed case, was removed to this court by PCH because it "involve[d] the same subject matter and issues alleged in the [earlier filed case] pursuant to valid federal question jurisdictional ground provided under 42 U.S.C. Section 1983."[6] On March 1, 2016, the earlier filed case, *Pioneer Craft House v. City of South Salt Lake, et al*., case no. 2:13-cv-705-DN, was dismissed for failure to state a claim under 42 U.S.C. § 1983.[7] Consequently, this case does not contain the federal question jurisdiction alleged in the removal notice and must be remanded.[8]

**ORDER**

IT IS HEREBY ORDERED that this case is REMANDED to the Third Judicial District Court for the State of Utah.

Signed March 21, 2016.

BY THE COURT

District Judge David Nuffer

[5] Response at 9.

[6] Notice of Removal at 2, docket no. 2, filed August 7, 2013.

[7] Memorandum Decision and Order Granting Motion to Dismiss and Order Denying Motion to File Third Amended Complaint, docket number 23, filed March 1, 2016 in *Pioneer Craft House v. City of South Salt Lake, et al*., case no. 2:13-cv-705-DN.

[8] 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").